IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ASPEN AMERICAN INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JEB MORROW, MARCUS LYON, SHERRIE LYON,<br><br>                    Defendants. | Case No. 3:22-cv-00013-JMK<br><br>**ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT** |

       Pending before the Court at Docket 25 is Plaintiff Aspen American Insurance Company's ("Aspen") Addendum to Motion for Default Judgment/Renewed Motion for Default Judgment. On September 21, 2022, Aspen filed a motion for default judgment as to Defendant Jeb Morrow.[1] After considering the factors identified in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Court denied Aspen's motion without prejudice in an order dated November 30, 2022.[2] In that order, the Court noted that the *Eitel* factors, on balance, favored entry of default judgment, subject to Aspen's submission of an authentic, true, and correct copy of the insurance policy in force between Aspen and

---

[1] Docket 16.
[2] Docket 23.

Defendant Morrow.[3] The Court denied Aspen's motion without prejudice to refiling a renewed motion containing a signed copy of the insurance policy and an affidavit from Aspen or the issuing agent certifying that the copy of the policy provided is an authentic, true, and correct copy.[4]

On December 8, 2022, Aspen filed its renewed motion for default judgment.[5] The motion includes: (1) a copy of the insurance policy containing a signature from Sea-Mountain Insurance, and (2) an affidavit from Sea-Mountain Insurance certifying that the copy of the policy provided is "the authentic, true, and correct copy of the Insurance Policy and contains all provisions, terms, conditions, and warranties incorporated into Defendant's policy."[6] Aspen contends that the policy need not bear a signature from Defendant Morrow in order to be valid.[7]

Having considered Aspen's submission, the Court finds that Aspen has demonstrated that there is minimal possibility of a dispute concerning material facts and that the record supports entering default judgment in favor of Aspen.[8] Accordingly, the Court **GRANTS** Aspen's Addendum to Motion for Default Judgment/Renewed Motion

---

[3] *Id.* at 21. Aspen provided a copy of the insurance policy in an earlier filing at Docket 1-1, but the copy provided there lacked any signatures from Defendant Morrow or the issuing agent (Sea-Mountain Insurance) and a certification that it was an authentic, true, and correct copy of the policy. Because one of the *Eitel* factors requires the Court to evaluate "the possibility of a dispute concerning materials facts," the Court expected Aspen to offer evidence confirming that the copy of the insurance policy provided was authentic, true, correct, and complete so as to minimize the possibility of a factual dispute. *Eitel*, 782 F.2d at 1471–72; Docket 23 at 19–20.
[4] Docket 23 at 25–26.
[5] Docket 25.
[6] Docket 25-1.
[7] Docket 25 at 2.
[8] *Eitel*, 782 F.2d at 1471–72.

*Aspen Am. Ins. Co. v. Morrow et al.*  Case No. 3:22-cv-00013-JMK
Order Granting Renewed Motion for Default Judgment  Page 2
Case 3:22-cv-00013-JMK   Document 26   Filed 12/28/22   Page 2 of 3

for Default Judgment at Docket 25. The Court's default judgment against Defendant will follow.

IT IS SO ORDERED this 28th day of December, 2022, at Anchorage, Alaska.

                                                */s/ Joshua M. Kindred*
                                                JOSHUA M. KINDRED
                                                United States District Judge

*Aspen Am. Ins. Co. v. Morrow et al.*     Case No. 3:22-cv-00013-JMK
Order Granting Renewed Motion for Default Judgment     Page 3
Case 3:22-cv-00013-JMK    Document 26    Filed 12/28/22    Page 3 of 3